No. 89-550

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF

GAYLE ANN STEWART,

    Petitioner and Respondent,

       v.

MICHAEL F. STEWART,

    Respondent and Appellant.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        J. C. Weingartner, Helena, Montana

        For Respondent:

        Bard Middleton, Billings, Montana

Submitted on Briefs: April 19, 1990

Decided: May 30, 1990

Filed:

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

The husband, Michael F. Stewart, appeals the judgment of the District Court of the First Judicial District, Lewis and Clark County, in which the District Court chose to disregard the husband's previous business losses and depreciation losses in its modification of the husband's child support obligations. We affirm.

The issues on appeal are:

1) Whether the District Court erred in failing to consider the husband's 1985 and 1986 business losses in its calculation of the husband's 1987 disposable income.

2) Whether the District Court erred in failing to consider the husband's 1987 and 1988 depreciation losses in its calculation of the husband's disposable income.

The husband is a self-employed log home builder who operates a sole proprietorship called Mike's Mountain Homes in Lincoln, Montana. The wife, Gayle Ann Stewart, is an attorney. The parties were married in 1972. Two children were born of the marriage: Mandy and Melissa. At the time of the District Court's findings, Mandy was 11 years old and Melissa was 9 years old. The wife filed for legal separation on February 18, 1981 and the parties signed a separation, custody, support and property settlement agreement on June 12, 1981. The agreement set the husband's child support obligations at $50.00 per child per month for a total of $100.00 per month. This agreement was incorporated into a decree of legal

2

separation on July 22, 1981, which was converted into a decree of dissolution on May 20, 1982.

On March 16, 1989, the wife filed a motion for modification of child support. The wife's motion alleged that the husband's disposable income had increased substantially since the decree of dissolution and, therefore, the current rate of child support should also be equitablly raised.

On August 9, 1989, a hearing was held on the wife's motion. On September 15, 1989, the court issued its findings of fact and conclusions of law and order. The husband was ordered to pay $1,200 retroactive child support. Further, these findings, conclusions, and order declared that there had been a substantial increase in the husband's disposable income since the original decree of dissolution was entered. As a result, it was equitable to raise the husband's monthly child support payments to $582.00, commencing one year after the date of entry of the order. In the interim, so that the husband could adjust his finances to meet this increase, child support was set at $300.00 per month. The court, in its determination of the husband's disposable income, disregarded certain business and depreciation losses shown in the husband's federal income tax returns. The husband appeals the court's decision to disregard these losses.

A court may modify an existing decree of child support "upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." Section 40-4-208 (2)(a)(i), MCA. In this case, the District Court made such a determination

based upon a comparison of the husband's previous child support obligation and his disposable income for the years 1987 and 1988 as suggested by the Uniform District Court Rule on Child Support Guidelines. See Uniform District Court Rule on Child Support Guidelines, 227 Mont. 1, 44 St.Rep. 828 (1987), hereinafter referred to as Guidelines. The District Court's findings resulting from this comparison will not be disturbed unless there is a showing that the District Court clearly abused its discretion. See In Re the Marriage of Gray, 788 P.2d 909, 47 St.Rep. 552 (Mont. 1990), and cases cited therein.

The first issue on appeal is whether the District Court erred in failing to consider the husband's 1985 and 1986 business losses in its calculation of the husband's 1987 disposable income.

The findings of the District Court state that, based upon the husband's 1987 tax returns, "Mike [the husband] netted some $40,612 on gross business sales of $143,419." In its conclusions, the court refused to deduct from this net amount some $30,000 of business losses that accrued in 1985 and 1986. It is with this conclusion that the husband takes issue.

Under the Guidelines, the primary focus for determining available income for paying child support is based upon a parent's disposable income rather than their taxable income. "[I]t is the disposable income of the parent, and not their income tax returns alone, which must be considered by the Court." Gray, 788 P.2d at 912, 47 St.Rep at 555, citing In Re the Marriage of Mitchell, 229 Mont. 242, 746 P.2d 598 (1987). As a result, only a minimum

4

number of exclusions are allowed from a parent's gross income. Guidelines, 227 Mont. at 7, 44 St.Rep. at 834. Included within this list of exclusions are legitimate business expenses. Guidelines, 227 Mont. at 7, 44 St.Rep. at 834. However, legitimate business expenses do not include those losses that exist primarily on paper and have little effect upon a parent's disposable income. See generally Schelmeske v. Veit, 390 N.W.2d 309 (Minn. App. 1986); Vitalis v. Vitalis, 363 N.W.2d 57 (Minn. Ct. App. 1985).

In this case, it is evident that the husband's claimed 1985 and 1986 business losses were merely paper losses. The record indicates that the husband's gross income has greatly increased from the time of dissolution. The husband's business generated gross sales of $143,419.00 in 1987 and $118,729.00 in 1988. His net profit for each of these years, before deductions, was $40,612.00 and $6,425.00 respectively. Additionally, the husband testified that his monthly expenses were about $2,900.00 per month but that he and his wife only earned approximately $845.00 per month which resulted in a difference of over $2,000.00 per month. Notwithstanding this shortfall, the husband testified that all debt payments were current. Such a situation indicates that the husband has more disposable income than appears from his tax returns. There is no indication that the District Court abused its discretion in not allowing the paper loss from previous years to be considered in the calculation of the husband's 1987 disposable income.

The second issue on appeal is whether the District Court erred in failing to consider the husband's 1987 and 1988 depreciation losses in its calculation of the husband's disposable income.

This Court has previously decided that accelerated depreciation deductions are not an acceptable exclusion in the calculation of a parent's disposable income. Mitchell, 229 Mont. at 247, 746 P.2d at 602. Our decision in Mitchell was based upon the Colorado child support statute upon which our own Guidelines are based. Mitchell, 229 Mont. at 247, 746 P.2d at 602. The Colorado statute specifically states that " 'ordinary and necessary expenses' does not include amounts allowable by the internal revenue service for the accelerated component of depreciation expenses. . ." Mitchell, 229 Mont. at 247, 746 P.2d at 602, citing Section 14-10-115(7)(a)(II)(B), Colo. Rev. Stat.

In addition to the support found in the Colorado statute, an analysis of the purpose of depreciation further supports the premise that depreciation is not an acceptable exclusion in calculating disposable income. Two types of depreciation are generally allowed by the Internal Revenue Service in the calculation of taxable income. These two types are straight line depreciation and accelerated depreciation. See Title 26, Section 167(b),(1)(2) USCA. Both types of depreciation are permitted as a tax deduction to allow individuals to regain their business expenditures. "There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear. . .(1)

of property used in trade or business, or, (2) of property held for the production of income."  Title 26, Section 167(a), USCA.

Since the purpose of depreciation is to assist a person in regaining their expenditures, it does not follow that depreciation is a business expense for the calculation of disposable income under the Guidelines.  Therefore, we uphold our previous decision in Mitchell and, in this case, conclude that the District Court did not abuse its discretion in disregarding the 1987 and 1988 depreciation deductions claimed by the husband when calculating the husband's disposable income.

Affirmed.

_William E. Hunt_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_R. C. McDonough_

_John C. Sheehy_
Justices