**James Allen BOLLIG, Appellant (Defendant),**

v.

**Gwen Ann BOLLIG, Appellee (Plaintiff).**

No. 95–217.

Supreme Court of Wyoming.

June 25, 1996.

Larry R. Clapp of Clapp and Associates, P.C., Casper, for Appellant.

Richard G. Miller, Casper, for, Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

Pursuant to a decree of divorce, Gwen Bollig was awarded custody and support for the parties' minor children. Following emancipation of the parties' daughter, Mrs. Bollig sought adjustment of the child support for the minor son. From the success of that effort, James Bollig appeals. The district court is generally affirmed, except for a limited remand for recalculation of Mr. Bollig's imputed earnings.

## I. ISSUES

Appellant, James Allen Bollig (father), states a single issue:

A. Did the trial court abuse its discretion when it relied upon documents which were neither offered nor admitted into evidence at a child support modification hearing and modified Defendant/Appellant's child support obligation?

Appellee, Gwen Ann Bollig (mother), restates the issue:

Based upon the record as a whole, did the trial court abuse its discretion when it adjusted the child support[?]

## II. FACTS

The father and mother were divorced in 1990. The mother was awarded primary custody of the couple's two minor children and the father was ordered to pay monthly support in the amount of $319.00 per child, for a total obligation of $638.00 per month. When their daughter was emancipated, the mother petitioned for an adjustment, claiming a change of more than twenty percent in the amount of support due the minor son. The father generally admitted the mother's allegations, demurring only as to the mother's claim of arrearage.

At the hearing on her petition for adjustment, the mother filed an affidavit detailing her financial circumstances. Simultaneously, she filed a "Plaintiff's Proposal for Entry of Order," calculating presumptive child support due under Wyo.Stat. § 20–6–304 (1994) and employing the father's 1992 and 1993 federal income tax returns to determine his average gross income over those two years. The mother's proposal was not in the form of an affidavit nor were the father's 1992 and 1993 tax returns admitted as evidence at the hearing.

The father sought, through testimony and exhibits, to show greatly reduced recent earnings occasioned by efforts to start his own business. Based upon those reduced earnings, he requested a reduction of support due his minor son from $319.00 per month to $150.00 per month.

Because the father *voluntarily* left highly remunerative employment to start his own business, the district court determined that the average of the father's 1992 and 1993 federal income tax returns most accurately represented his true earning power. The mother's proposal was adopted, setting child support for the minor son at $638.00 per month.

The father filed a W.R.C.P. 59 motion to alter or amend the district court's order, suggesting a figure of $536.38 for support of his minor son. In support of his motion, the father submitted an affidavit admitting the validity of his 1992 and 1993 tax returns as submitted by the mother. He also averred that the 1992 tax return was artificially inflated by a lump sum payout of his retirement account. Asserting that his retirement account was property already divided by the divorce decree, the father calculated presumptive child support exclusive of the retirement account proceeds.

The father's W.R.C.P. 59 motion was denied and timely appeal was taken to this court.

### III. STANDARD OF REVIEW

■ Appellate scrutiny of an order adjusting child support obligations is limited to determining whether the district court abused its discretion or violated a legal principle. *Cranston v. Cranston,* 879 P.2d 345, 348 (Wyo.1994). A court abuses its discretion if it acts in a manner which exceeds the bounds of reason under the circumstances. *Smith v. Smith,* 863 P.2d 624, 625 (Wyo.1993) (*quoting Glenn v. Glenn,* 848 P.2d 819, 821 (Wyo.1993)).

### IV. DISCUSSION

■ The father scores the district court's order as predicated on tax returns which were neither authenticated nor admitted as evidence at the hearing. The factual accuracy of his allegation cannot gainsay his affidavit, submitted in support of his W.R.C.P. 59 motion, admitting the authenticity of the tax returns.

The father's affidavit verifies the tax returns but protests inflation of his 1992 gross income due to receipt of his share of the retirement account. That account represented property equitably divided between the parties pursuant to the divorce decree. His 1992 tax return, as submitted by the mother, and the decree of divorce both corroborate the father's affidavit.

■ The question thus presented is whether a court may reconsider one party's share of property already divided by the divorce decree as income for purposes of subsequent adjustment of the child support obligation.

We have held that "attorney fees, child support, property division and any other financial matters must all be considered *together* in making a just and equitable disposition of the family assets." *Klatt v. Klatt,* 654 P.2d 733, 738–39 (Wyo.1982) (emphasis added). Here, such a just and equitable disposition was made in the divorce decree and was not timely appealed. Adjustment of support obligations cannot occur in defiance of the property division effectuated by the prior decree.

We hold that contemplation of previously divided assets a second time, as income for purposes of post-decree child support adjustment, is inequitable and violative of the rule announced in *Klatt. See Kruschel v. Krus-*

*chel,* 419 N.W.2d 119, 121–22 (Minn.App. 1988).

The district court properly followed Wyo. Stat. § 20–6–302(b)(xi) (1994) in utilizing the father's average income from 1992 and 1993. The district court, however, incorrectly considered the father's receipt of previously divided marital property as income. The father's calculations, as contained in his W.R.C.P. 59 motion, demonstrate that $536.38 is the correct amount of monthly support which the father owes his minor son.

## V. CONCLUSION

The district court is generally affirmed with limited remand for entry of an order adjusting the father's monthly child support obligation.