**Diana W. FLEENOR, n/k/a Diana W. McDougal, Appellant (Defendant),**

v.

**James FLEENOR, Appellee (Plaintiff).**

**No. 98–295.**

Supreme Court of Wyoming.

Dec. 9, 1999.

Representing Appellant: G. Kevin Keller, Cheyenne, Wyoming.

Representing Appellee: Mark A. Bishop and Stacey L. Best of Bishop Law Offices, Cheyenne, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

GOLDEN, Justice.

In this case we must decide to what extent business debt reduction payments, fluctuating income, and joint interest are to be considered when determining "net income" available for child support. Appellant Diana W. McDougal (Mother) challenges the district court's order that denied her petition to modify child support. She claims that the district court abused its discretion in calculating Appellee James Fleenor's (Father) net income by improperly ruling the principal portion of a business mortgage is deductible as a reasonable unreimbursed legitimate business expense; applying income averaging; and not including joint interest and dividend income. We affirm the district court's order denying the petition to modify child support.

## ISSUES

Mother presents these issues for our review:

Whether the trial court made the following errors in calculating the Appellee's net income for purposes of determining presumptive child support:

(1) That the Appellee's principal debt reduction payment associated with a business mortgage is deductible;

(2) That the Appellee does not have to include one-half (½) of the interest income reported on his joint income tax return; and,

(3) That the Appellee is entitled to use income averaging in determining his net income.

Father rephrases the issues:

I. The Trial Court properly held that there had not been a 20% change in the presumptive child support amount and, therefore, the Trial Court's denial of Defendant's Petition to Modify Child Support was not an abuse of discretion.

   A. Payments made by [Father's] sole proprietorship business in order to reduce debt, both principal and interest, are a reasonable, unreimbursed, legitimate business expense under Wyoming Statute § 20–6–301.

   B. Interest income attributable to [Father's] spouse should not be included in his income for purposes of determining child support.

   C. [Father's] income was appropriately calculated by averaging his income over a three (3) year period.

## FACTS

The Fleenors married on June 11, 1983, and had one child during their marriage. In 1987, Father borrowed money and built a gas station/convenience store. While he operated the business as a sole proprietorship, Mother taught school for the Laramie County School District. Father filed for divorce on December 29, 1993.

Mother received $250,000.00 as a property settlement and was granted custody of the child. Father received substantial and liberal visitation and was ordered to pay $800.00 per month in child support. He was awarded all interest in the business. Father's income from his business increased, and in 1995, the parties agreed Father's child support obligation should be increased to $1,330 per month, subject to $230 per month abatement. The district court ordered Father to pay support of $1,100.00 per month for the child.

In 1996, to remain competitive in his business, Father borrowed approximately $400,-000.00 and built a car wash adjoining his business premises. He makes monthly principal and interest payments on the loan amount, now standing at a little over $389,-000.00. Father moved to Huntsville, Texas, in 1997 and petitioned to modify the divorce decree regarding visitation. Mother responded by petitioning to modify child support and visitation, contending that there had been a twenty percent change in the presumptive child support amount.

Mother disputed the income figures that Father submitted, primarily because Father deducted the monthly payments that he paid on the car wash business debt. At an unrecorded hearing, the district court ordered briefs on the issue. Briefs were submitted on the specific issue of whether the principal portion of a business debt was deductible as a reasonable unreimbursed legitimate business expense. Based on the authorities in Father's brief, the district court permitted the deduction of principal debt reduction payments. Later a hearing was held on both petitions. At that hearing, Father testified that he would agree to bear 100% of the visitation transportation costs, and his expert witness testified as to interest and dividend income attributable to him and that attributable to his spouse. Father's expert established that Father's income fluctuated almost every year that he was in business; dropping in 1996 from 1995 when he acquired the car wash debt; increasing in 1997; and declining for a part of 1998. Father submitted financial computations based on income averaging for the three years of 1995, 1996, and 1997.

Following that hearing, the district court ordered Father to bear 100% of the visitation transportation costs, found it appropriate to

average Father's income over the specified three year period, and accepted his monthly net income figure that was based on his expert's testimony of the interest and dividend income attributable to him. Based on these findings, the district court ruled that the statutorily required twenty percent change in the presumptive child support amount had not been established and denied Mother's petition to modify the child support amount. The district court determined that Father's child support should be increased, however, because his child from another marriage would reach majority in August of 1998. Finding that Father's net monthly income was $10,808.00 per month, the Court ordered him to pay $1,370.00 per month less abatement when the child stayed with Father. This appeal followed.

## DISCUSSION

*Standard of Review*

Modification of a child support order is appropriate only when there has been a subsequent material and substantial change in circumstances. *Garver v. Garver*, 981 P.2d 471, 472 (Wyo.1999). "If, upon applying the presumptive child support to the circumstances of the parents or child at the time of the review, the court finds that the support amount would change by twenty percent (20%) or more per month from the amount of the existing order, the court shall consider there to be a change of circumstances sufficient to justify the modification of the support order." Wyo. Stat. Ann. § 20–6–306(a) (LEXIS 1999). "[T]he determination of the district court with respect to . . . calculation of income for purposes of child support . . . will not be overturned on appeal unless the record demonstrates a clear abuse of discretion." *Scherer v. Scherer*, 931 P.2d 251, 253–54 (Wyo.1997).

We review a decision issued upon a petition to modify a child support order under an abuse of discretion standard. We recently defined discretion as:

Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is

right under the circumstances and without doing so arbitrarily or capriciously.

*Vaughn v. State*, 962 P.2d 149, 151 (Wyo. 1998) (quoting *Martin v. State*, 720 P.2d 894, 897 (Wyo.1986)).

*Income Determination*

Statutory Deductions.

Presumptive child support is determined by combining the net income of both parents and applying the total amount to the tables as set forth in the statutes. Wyo. Stat. Ann. § 20–6–304 (LEXIS 1999). Income is defined in Wyo. Stat. Ann. § 20–6–301(a)(i) (LEXIS 1999):

(a) As used in this article:

(i) "Income" means any form of payment or return in money or in kind to an individual, regardless of source. Income includes, but is not limited to wages, earnings, salary, commission, compensation as an independent contractor, temporary total disability, permanent partial disability and permanent total disability worker's compensation payments, unemployment compensation, disability, annuity and retirement benefits, and any other payments made by any payor, but shall not include any earnings derived from overtime work unless the court, after considering all overtime earnings derived in the preceding twenty-four (24) month period, determines the overtime earnings can reasonably be expected to continue on a consistent basis. **In determining income, all reasonable unreimbursed legitimate business expenses shall be deducted.** Means tested sources of income such as Pell grants, aid under the personal opportunities with employment responsibilities (POWER) program, food stamps and supplemental security income (SSI) shall not be considered as income. Gross income also means potential income of parents who are voluntarily unemployed or underemployed[.]

(emphasis added). The income used to calculate the child support obligation is "net income," defined as:

(ii) "Net income" means income as defined in paragraph (i) of this subsection less personal income taxes, social security deductions, cost of dependent health care coverage for all dependent children, actual payments being made under preexisting support orders for current support of other children, other court-ordered support obligations currently being paid and mandatory pension deductions, arrearage payments excluded.

Wyo. Stat. Ann. § 20–6–301(a)(ii) (LEXIS 1999).

■ In determining a parent's income for a presumptive child support obligation, "all reasonable unreimbursed legitimate business expenses shall be deducted." *Roseman v. Sackett*, 979 P.2d 940, 943 (Wyo.1999). Mother contends that the district court abused its discretion by deciding that Father's principal debt reduction payment associated with a business mortgage (principal payment) is deductible as a reasonable unreimbursed legitimate business expense in determining his income. Father contends that, in certain cases, the statutory term applies to mortgage principal paid for an income producing asset. We have not addressed this issue before.

North Carolina and Montana do not allow principal payments as a legitimate business expense. *Barham v. Barham*, 127 N.C.App. 20, 487 S.E.2d 774, 778 (1997); *Lawrence v. Tise*, 107 N.C.App. 140, 419 S.E.2d 176, 182 (1992); *In Re Marriage of Nikolaisen*, 257 Mont. 1, 847 P.2d 287, 292 (1993). In *Barham*, principal payments constitute value retained "unlike expenses for repairs, property management and leasing fees, real estate taxes, insurance and mortgage interest all of which are spent money never to be regained by the spender." *Barham*, 487 S.E.2d at 778. Similarly, although interest on the mortgage would be a legitimate business expense, Montana considers principal applied to the mortgage each year increases net equity and should not be allowed as a deduction for child support purposes. *Nikolaisen*, 847 P.2d at 292.

Illinois, Indiana, Colorado, and Delaware appear to find it discretionary whether principal payments should be deducted from net income for child support purposes. *Rimkus v. Rimkus*, 199 Ill.App.3d 903, 145 Ill.Dec. 868, 557 N.E.2d 638, 642–43 (1990); *In re Marriage of Lefler*, 185 Ill.App.3d 677, 134 Ill.Dec. 1, 542 N.E.2d 1, 5 (1988); *Zakrowski v. Zakrowski*, 594 N.E.2d 821, 824 (Ind.App. 1992); *R.T. v. R.T.*, 494 A.2d 150, 155 (Del. Supr.1985); *In Re Marriage of Crowley*, 663 P.2d 267, 269 (Colo.App.1983). These courts decided that a parent's ability to pay was directly connected to debt reduction expenses reasonably necessary for the production of income. Rather than adopting a view that debt reduction represented increased net equity, these courts adopted the view that it is "unsound to consider the cash coming into the husband's business as flowing through to net income without deducting (to the extent that they are reasonable) the items which must be taken from his cash flow in order to maintain his business operations." *R.T.*, 494 A.2d at 155. A trial court retains discretion concerning principal payments because it is recognized that principal payments may be unreasonably excessive or because assets were acquired to depress income to avoid support payments.

We have said that "the only factor in the Wyoming statutory definitions of 'income' and 'net income' that relates in any way to the federal above the line deductions [in a federal tax return] is the phrase that permits an individual to deduct 'all reasonable unreimbursed legitimate business expenses' in arriving at income." *Houston v. Smith*, 882 P.2d 240, 243 (Wyo.1994) (emphasis omitted). Father concedes that mortgage principal is not deductible on a federal tax return; however, he believes that *Houston* does not prevent us from deciding to allow his principal payments as a deduction.

In *Houston*, we considered depreciation of real property and adopted this rationale:

Since the purpose of depreciation is to assist a person in regaining their expenditures, it does not follow that depreciation is a business expense for the calculation of disposable income under the Guidelines.

*Houston*, 882 P.2d at 244 (quoting *Stewart v. Stewart*, 243 Mont. 180, 793 P.2d 813, 815 (1990)). We held that depreciation of rental

▋▋▋▋▋▋▋▋▋▋▋

properties fails to fit within the statute's definition of "reasonable unreimbursed legitimate business expenses" and cannot be deducted from income for child support purposes because it constituted a book reimbursement. *Id.* Father distinguishes *Houston's* treatment of depreciation representing mere "paper losses" from debt reduction that directly affects the business cash flow and his own disposable income.

▋▋▋ The crux of this issue is whether principal payments resulting in increased asset value but decreased cash flow should be permitted to reduce a parent's income for purposes of child support. Unlike *Houston's* determination that depreciation is neither an expense nor "unreimbursed," we find that reasonable principal payments can be considered unreimbursed expenses although, over time, net equity increases. Our review of the authorities persuades us that we should establish as our general rule that the principal portion of a business mortgage payment may be deductible if, in its discretion, the district court determines that the payment reasonably and legitimately reduces net income for child support purposes. The district court will retain the discretion to decide if the principal portion of business debt reduction payments is excessive, or assets were acquired to reduce child support payments, or other circumstances indicating the principal payments are not reasonable, unreimbursed, or legitimate. In this particular case, Mother does not claim any facts exist establishing the principal payments as unreasonable, and we affirm the district court's order allowing the deduction against income.

### Interest Income.

▋▋▋ Mother contends that the district court erred in not finding the amount of joint interest and dividend income of Father and his spouse, and dividing it in half for purposes of determining child support. She relies on *Houston*, contending that decision ruled that a parent's income should be increased by one-half of the interest and dividend amounts set forth on Schedule B of the parent's "joint" income tax return. *Houston*, 882 P.2d at 244, n. 1. Father contends there is no Schedule B for the district court to have

considered and the district court properly relied on his expert's testimony establishing the amount of income attributable to him and not considering the income attributable to his spouse. He claims *Houston* discerned that the district court in that case had not considered the parent's interest income and decided it was appropriate to divide declared joint interest income in half and apply it to the parent's net income for child support purposes. He contends that the interest income attributable to him was considered by the district court through the testimony of his expert witness.

*Houston* held that "there is no indication the legislature intended, in any manner, to include 'spousal income' or joint income' in the computation required by the statute to provide the premise for calculating presumptive child support owed by one of the parents." *Id.* at 243. We agree with Father's understanding of *Houston,* and find that its division of interest income was based on its particular facts. In contrast, Father established the amount of his interest and dividend income and Mother did not refute that testimony. Accordingly, the district court's determination is supported by the record, and we find no abuse of discretion.

### Income Averaging.

▋▋▋ In her final issue, Mother contends that income averaging is not applicable when income does not fluctuate. She contends that Father's income has steadily grown except in 1996 when he installed the car wash. Father contends that he provided the district court with testimony that his average net monthly income was $9,300 in 1995, $8,913.00 in 1996, and $13,133.00 in 1997. Mother concedes these fluctuations occurred. We have approved income averaging for the purpose of calculating child support "where circumstances require it." *Madison v. Madison,* 859 P.2d 1276, 1280 (Wyo.1993); *Triggs v. Triggs,* 920 P.2d 653, 662 (Wyo.1996); *Bollig v. Bollig,* 919 P.2d 136, 138 (Wyo.1996); *see Wood v. Wood,* 964 P.2d 1259, 1264 (Wyo. 1998). Income averaging is appropriate when income fluctuations exist. We find the district court did not abuse its discretion in

deciding that it was inappropriate to use only 1997 income figures.

## CONCLUSION

The district court retains discretion in determining net income for child support purposes. The district court may allow deductions of principal payments as a reasonable, unreimbursed legitimate business expense upon an appropriate assessment. Finding no abuse of discretion on any issue, we affirm the district court's order denying the petition to modify the child support order.