NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KELSEY WILLIAM LAVICKA, *Petitioner/Appellee,*

*v.*

TAMMY THERESA LAVICKA, *Respondent/Appellant.*

No. 1 CA-CV 25-0146 FC

FILED 05-12-2026

Appeal from the Superior Court in Maricopa County
No. FC2017-003984
The Honorable Glenn A. Allen, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Tiffany & Bosco PA, Phoenix
By Kelly Mendoza, Charles E. Sears
*Counsel for Petitioner/Appellee*

Gillespie Shields & Taylor, Phoenix
By DeeAn Gillespie Strub, Mark A. Shields, Connor L. Dennison
*Counsel for Respondent/Appellant*

Cervone Law PC, Phoenix
By Kristina L. Cervone
*Co-Counsel for Respondent/Appellant*

———————————————

**MEMORANDUM DECISION**

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Veronika Fabian joined. Judge Veronika Fabian specially concurring.

———————————————

**W E I N Z W E I G**, Vice Chief Judge:

¶1             Tammy Theresa Lavicka ("Mother") appeals from a modified child support order. We affirm in part, vacate in part and remand for reconsideration.

### FACTS AND PROCEDURAL BACKGROUND

¶2             Kelsey William Lavicka ("Father") and Mother divorced in August 2019. They share a child with special needs. Mother practiced optometry but is now fully disabled and receives $5,258 per month in social security and disability pension benefits. Father works as a professional engineer and serves in the National Guard. His 2023 W-2 income totaled $173,622.59.

¶3             Father also receives rental income and distributions from other businesses. He owns rental properties through Gut Heil, LLC and Kelcore, LLC. His 2023 tax return showed a net rental loss of $8,373 after depreciation and other deductions. His 2021, 2022 and 2023 tax returns show depreciation deductions totaling about $26,000 annually.

¶4             Father receives annual income from Kelcore. His tax returns show Kelcore paid him $58,500 in 2020, $49,250 in 2021 and $47,550 in 2022. His 2023 tax return shows $1,845 in dividends and $16,756 in passive income from Kelcore. Father said he did not know the exact 2023 distribution amount but confirmed the distributions are recurring and he keeps them all.

¶5             Mother petitioned the superior court in March 2024 to increase Father's child support obligation. After an evidentiary hearing, the court set Father's income at $14,468.55 a month—his W-2 income only—and ordered child support of $230 a month prospectively, plus $2,070 in past support. The court did not include income from Father's rental properties because it found no evidence of a net profit after deducting

expenses. Mother timely appealed. We have jurisdiction. A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶6** Mother contends the superior court miscalculated Father's child support payments because it excluded income from Father's rental properties and distributions from Kelcore.[1] We review child support awards for an abuse of discretion. *Jacobs v. Jacobs*, 259 Ariz. 467, 470, ¶ 16 (App. 2025). We accept the court's factual findings unless clearly erroneous, but review de novo its conclusions of law and interpretation of rules and statutes. *Id.* Because the parties did not request written findings of fact and conclusions of law under Arizona Rule of Family Law Procedure 82, we presume the court "found every fact necessary to support its decision." *Whitt v. Meza*, 257 Ariz. 176, 180, ¶ 8 (App. 2024).

## I. Depreciation.

**¶7** Mother argues the superior court erroneously accepted the depreciation expenses offered by Father to reduce his rental income. She contends the court should only reduce Father's rental income by any actual out-of-pocket expenses.

**¶8** Rental income under the Child Support Guidelines includes "gross receipts minus ordinary and necessary expenses as determined by the court to be required to produce the income." A.R.S. § 25-320 app. ("Guidelines") § II.A.1.e. Depreciation is neither automatically included nor automatically excluded from child support income. *Baker v. Baker*, 183 Ariz. 70, 71–72 (App. 1995). Arizona courts "look at all the circumstances before deciding whether to allow a parent to deduct depreciation from his or her gross income and, if so, how much." *Id.* at 72. Whether a deduction is appropriate depends on "the nature of the depreciated property, the importance of its need in the business, the business's capital requirements, and all other relevant circumstances." *Id.*

**¶9** We discern no abuse of discretion. Father has claimed the same standard straight-line depreciation on these properties for years. His

---

[1] Father moved this court to dismiss the appeal because Mother's opening brief does not comply with ARCAP 13. Mother concedes her opening brief lacked adequate record citations but avows (without citations) that the facts are indeed in the record. We reach the merits in the exercise of our discretion. *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022). Father's motion is denied.

2021, 2022 and 2023 tax returns show depreciation deductions totaling about $26,000 annually. The amounts are not inflated or accelerated. Mother does not suggest that the depreciation deduction amount was excessive or accelerated. The court did not abuse its discretion.

## II. Kelcore Distributions.

**¶10** Mother argues Father received distributions from Kelcore in addition to the rental income generated by the properties Kelcore holds. The superior court did not attribute any income to Father beyond his W-2 income, so it implicitly rejected Mother's claim that Father had income from Kelcore distributions.

**¶11** Father testified he received distributions from Kelcore in 2021 and 2023 of around $40,000 to $50,000. His tax returns include K-1 forms from Kelcore showing Father received distributions of $58,500 in 2020, $49,250 in 2021 and $47,550 in 2022. Father also admitted to receiving a similar distribution in 2023.

**¶12** Child support income includes distributions from a partnership or closely held corporation. Guidelines § II.A.1.e. The Kelcore distributions fall squarely within this category. To exclude them from his income, Father had to show that the "ordinary and necessary expenses . . . required to produce the income" equaled or exceeded the distributions. Guidelines § II.A.1.e. He made no such showing.

**¶13** The tax returns show the distributions from Kelcore are separate from the rental income. The rental income after deducting expenses shows a net loss. But the distributions are something else — money paid by Kelcore to Father that he deposited into his bank account without any obligation to repay. The court did not consider the distribution income separately from the rental income or loss. The court's order does not explain why it disregarded this income.

**¶14** Father argues he may have spent the distributions on other business expenses. But Father cannot reduce his distribution income by claiming he spent those funds elsewhere. Child support obligations have priority over all other financial obligations. Guidelines § I.C.2. Father conceded he continues to receive distributions from Kelcore and did not show any "ordinary and necessary expenses" to offset them. *See* Guidelines § II.A.1.e. The superior court erred by not including the distribution income from Kelcore when determining child support.

**CONCLUSION**

**¶15**        We affirm the superior court's decision to allow the depreciation deduction as a reasonable business expense. We vacate the child support order because the court improperly excluded Father's Kelcore distribution income. We remand for the court to consider the Kelcore distribution income when recalculating the child support order.

**¶16**        Mother requests an award of attorney fees on appeal under A.R.S. § 25-324, arguing Father has superior financial resources and unreasonably garbled his income. Father argues he is entitled to an award of attorney fees and costs because Mother's appeal was unreasonable under ARCAP 21(a), 25 and A.R.S. § 25-324. In our discretion, we award Mother a portion of her attorney fees and costs based on the financial disparity. We find neither party was unreasonable.

**¶17**        Mother asserts for the first time in her reply brief that Father improperly claimed a mortgage interest deduction. Issues first raised in a reply brief are waived. *Ramos*, 252 Ariz. at 523, ¶ 11. We do not address this argument. Mother also argued Father should have been attributed capital gains income but withdrew that argument in her reply brief. Mother shall not include any fees related to either of these arguments in her fee application.

**F A B I A N**, Judge, specially concurring:

**¶18**        I agree with the majority that under the standard set forth in *Baker v. Baker*, the superior court did not abuse its discretion. However, I write separately to question the wisdom of that standard. The *Baker* court held that a depreciation deduction could be an ordinary and necessary expense based on the relevant circumstances if the court, within its discretion, finds it appropriate. 183 Ariz. 70, 71-72 (1995).

**¶19**        I believe that a depreciation deduction should never be considered an expense for purposes of child support. Leaving that issue to the court's discretion is inconsistent with the Arizona Child Support Guidelines ("Guidelines"). The Guidelines require courts consider the "standard of living the child would have enjoyed if the child lived in an intact home with both parents to the extent it is economically feasible considering the resources of each parent." A.R.S. § 25-320(D)(3). To that

end, the Guidelines define child support income from self-employment, rent, or business proprietorship as "gross receipts minus ordinary and necessary expenses as determined by the court to be required to produce the income." A.R.S. § 25-320 app. § II.A.1.e.

**¶20** The Guidelines do not otherwise define ordinary and necessary business expenses, nor do they mention depreciation. However, they do explain that the terms "Gross Income" and "Adjusted Gross Income," as they are used in the Guidelines, do not mean the same as they do for tax purposes. *Id.* § II.A.1.a. Thus, as the Supreme Court of Montana concluded, interpreting Montana's child support guidelines, "the primary focus for determining available income for paying child support is based upon a parent's *disposable* income rather than their *taxable* income." *Stewart v. Stewart*, 793 P.2d 813, 814 (Mont. 1990).

**¶21** A depreciation deduction is not an expense. It reduces taxable income to account for a loss in value and *anticipates* the expenses that would be incurred to prevent deterioration. As the Connecticut Supreme Court explained:

> Depreciation is a mere book figure which does not either reduce the actual dollar income of the defendant or involve an actual cash expenditure when taken. On the contrary, it represents additional cash available to the defendant by permitting substantial tax deductions and, ultimately, tax savings.

*Stoner v. Stoner*, 307 A.2d 146, 152 (Conn. 1972).

**¶22** There is no doubt that if Father had actually spent the money, that would be an "ordinary and necessary" expense. A.R.S. § 25-320 app. § II.A.1.e; *see Cunningham v. Cunningham*, 548 A.2d 611, 613 (Pa. Super. Ct. 1988) ("Depreciation and depletion expenses should be deducted from gross income only where they reflect an actual reduction in the personal income of the party claiming the deductions, such as where, e.g., he or she actually expends funds to replace worn equipment or purchase new reserves."). But the depreciation here does not appear to have reduced Father's income from the rental property nor reduced the "standard of living the child would have enjoyed if the child lived in an intact home." A.R.S. § 25-320(D)(3). Regardless of the deduction, the money available for the child's standard of living from the rental income was the same.

**¶23** I believe the proper approach, followed by several states, is to entirely preclude depreciation deductions from child support income

calculations. *See Cunningham*, 548 A.2d at 613; *Stewart*, 793 P.2d at 815 ("Since the purpose of depreciation is to assist a person in *regaining* their expenditures, it does not follow that depreciation is a business expense for the calculation of disposable income under the [Montana Child Support Guidelines]."); *Glass v. Oeder*, 716 N.E.2d 413, 417 (Ind. 1999) ("The trial court has broad discretion, but should have as a goal the direction of [the Indiana Child Support Guidelines] to measure 'a reasonable yearly deduction for necessary capital expenditures.' This anticipates smoothing the year-to-year impact of capital outlays by allowing for a reasonable accrual-like process for anticipated capital expenditures but does not allow depreciation as such.").

**¶24** In this case, however, neither party has asked this Court to revisit *Baker*. The majority's decision appropriately applies the law as decided in *Baker*. For that reason, I join in its decision.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR