# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 93

APRIL TERM, A.D. 2014

*July 23, 2014*

SUZANNE ACKERMAN f/k/a
SUZANNE OTT,

**Appellant**
**(Petitioner/Defendant),**

**v.**

S-13-0261

**RANDALL K. OTT,**

**Appellee**
**(Respondent/Plaintiff).**

*Appeal from the District Court of Weston County*
*The Honorable Michael N. Deegan, Judge*

*Representing Appellant:*
Robert J. O'Neil, Attorney at Law, Gillette, Wyoming.

*Representing Appellee:*
No appearance.

*Before BURKE, C.J., and HILL, KITE\*, DAVIS, and FOX, JJ.*

*\* Chief Justice at time of expedited conference*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, Justice.

[¶1]     Appellant Suzanne Ackerman (Mother) challenges an order modifying her child support obligation.  She asserts that the district court improperly determined her former husband's (Father's) income, which in turn caused it to miscalculate her support payments.  We affirm.

## ISSUES

[¶2]     While Mother presents several interrelated issues on appeal, they can be refined into one controlling question:

> Did the district court abuse its discretion in computing
> Father's monthly net income?

## FACTS

[¶3]     The parties divorced a number of years ago, and Father was awarded primary custody of their minor child.  Mother was granted visitation and ordered to pay child support of $272.61 per month.

[¶4]     Mother recently filed a petition to modify custody and child support.  Father counterclaimed, requesting a modification of Mother's child support obligation based on a claim of a substantial change in circumstances.  All but one of the issues raised by these pleadings was settled in mediation.  The sole remaining issue, the proper amount of Mother's child support payments, was tried to the district court.

[¶5]     In calculating the amount Mother is required to pay in child support, the district court found that Father's monthly net income is $5,297.00 and Mother's is $3,946.00.  Based upon these figures, it determined Mother's presumptive support obligation to be $543.72.  The district court then deviated from that amount, awarding her a $125.00 reduction due to expenses she incurred for transportation related to visitation, as well as for amounts she expended on clothing, shoes and school supplies for the minor child.  Accordingly, it modified the child support obligation of Mother to the sum of $419.00 per month.

[¶6]     Mother perfected a timely appeal from the district court's order.

## STANDARD OF REVIEW

[¶7]     A district court has broad discretion in determining the correct amount of a child support award.  *Davidson v. Carrillo*, 2014 WY 65, ¶ 7, 325 P.3d 444, 446 (Wyo. 2014).  Accordingly, this Court reviews determinations of child support for an abuse of

1

discretion, at least to the extent that they involve a determination of the parents' income and credits against it. *Swaney v. State, Dep't of Family Servs., Child Support Enforcement*, 2011 WY 105, ¶ 3, 256 P.3d 514, 515 (Wyo. 2011) (citing *Starkey v. Starkey*, 2007 WY 106, ¶ 5, 161 P.3d 515, 516 (Wyo. 2007)).

## DISCUSSION

[¶8]   Mother contends that the district court miscalculated Father's monthly net income pursuant to Wyo. Stat. Ann. § 20-2-303(a)(iii) (LexisNexis 2013).  She argues that the calculation is based upon federal income tax concepts, which Mother says is improper under Wyoming law.  Stated differently, while Mother concedes that federal tax information can be considered to calculate monthly net income, she claims that the use the court made of that information was improper.  Because Father is self-employed and remarried, he is able to deduct depreciation of business assets and file a joint return with his current spouse, which she claims impacts his adjusted gross income for tax purposes. Mother asserts that the district court incorrectly used Father's adjusted gross income from his tax return to arrive at income for child support purposes.

[¶9]   Child support calculations are governed exclusively by statute. *Ready v. Ready*, 2003 WY 121, ¶ 12, 76 P.3d 836, 839 (Wyo. 2003).  "The first step is to calculate the parents' current monthly net income for application to the presumptive child support tables." *Id.*; *see* Wyo. Stat. Ann. § 20-2-304. "Income" as defined in the statute states in pertinent part:

> (ii) "Income" means any form of payment or return in money or in kind to an individual, regardless of source. Income includes, but is not limited to wages, earnings, salary, commission, compensation as an independent contractor, temporary total disability, permanent partial disability and permanent total disability worker's compensation payments, unemployment compensation, disability, annuity and retirement benefits, and any other payments made by any payor, but shall not include any earnings derived from overtime work unless the court, after considering all overtime earnings derived in the preceding twenty-four (24) month period, determines the overtime earnings can reasonably be expected to continue on a consistent basis. **In determining income, all reasonable unreimbursed legitimate business expenses shall be deducted.**

Wyo. Stat. Ann § 20-2-303(a)(ii) (emphasis added).  The income that is used to calculate child support is based upon "net income," which is defined as:

(iii) "Net income" means income as defined in paragraph (ii) of this subsection less personal income taxes, social security deductions, cost of dependent health care coverage for all dependent children, actual payments being made under preexisting support orders for current support of other children, other court-ordered support obligations currently being paid and mandatory pension deductions. Payments towards child support arrearage shall not be deducted to arrive at net income[.]

Wyo. Stat. Ann. § 20-2-303(a)(iii).

[¶10]   In support of her argument that the district court erred in its use of Father's federal tax information to ascertain his income for determining child support under the statutory guidelines, Mother relies on *Houston v. Smith*, 882 P.2d 240 (Wyo. 1994).  In *Houston*, we held that "federal income tax computations differ in significant respects from the computations required by [the child support statute], and the district court erred in substituting the federal income tax concepts to arrive at those critical amounts." *Id.* at 240-41.  The district court had followed the federal income tax computation by deducting from the income, as an "unreimbursed legitimate business expense," amortized depreciation of business property which the father there was entitled to deduct for federal tax purposes.  *Id.* at 241-42.  Because amortized depreciation does not directly affect cash flow in later years, this Court ruled that it was improper to allow the same deduction from income that federal tax law allows when calculating child support. We explained that "[s]ince the purpose of depreciation is to assist a person in regaining their expenditures, it does not follow that depreciation is a business expense for the calculation of disposable income under the Guidelines." *Id.* at 244 (emphasis omitted).

[¶11]  In *Watson v. Watson*, we had the opportunity to examine the issue from the opposite end of the spectrum pursuant to Section 179 of the Internal Revenue Code, 26 U.S.C.A. § 179.  2002 WY 180, ¶¶ 5-17, 60 P.3d 124, 125-29 (Wyo. 2002).  Section 179 permits a taxpayer to request a same-year deduction for the purchase of certain business property, instead of an amortized depreciation deduction over several years.  *Id.*, ¶ 10, 60 P.3d at 126.  Based upon our opinion in *Houston*, the district court in *Watson* did not allow a deduction from income for the Section 179 business expenses.  *Id.*, ¶ 7, 60 P.3d at 126.  This Court reversed, explaining that courts must determine whether the business expense affects the party's actual cash flow during the year in question, or whether it is simply a book entry for federal tax purposes.  Because Section 179 property is actually paid for in the same year that the deduction is allowed, that kind of expenditure affects cash flow in that year.  Accordingly, we found that the deduction could be considered when determining income in order to set child support.  *Id*., ¶¶ 14-16, 60 P.3d at 128.

[¶12]   A year later, in *Ready v. Ready*, we reaffirmed that

3

> [i]n neither *Houston* nor *Watson*, however, did we state a per se prohibition . . . on the use of federal tax information as evidence in determining "income" and "net income" under the Wyoming child support statutes. In fact, in all child support proceedings, the parties are required to submit to the court financial affidavits with supporting documentation that includes copies of their most recent tax returns.

2003 WY 121, ¶ 16, 76 P.3d at 840 (emphasis omitted). Thus, it is clear from our case law that the "focus should be upon the reasonable and legitimate nature of the expense and its impact on the party's actual cash flow in the year in question rather than the treatment of the expense by federal law in the context of income taxes." *Watson*, ¶ 16, 60 P.3d at 128; *see also Houston*, 882 P.2d at 244.

[¶13] At the child support hearing, Father's attorney provided the court with a proposed support calculation. Unfortunately, that calculation is not in the record. However, Father's counsel indicated that she had added back the depreciation he claimed on his federal income tax return.

[¶14] After hearing the evidence and closing argument, the court indicated that it would generally adopt Father's methodology, and added depreciation back to the adjusted gross income figure on Father's return. It allocated 85% of the income from Father's business to him, rather than the 66 and 2/3% he had argued was appropriate, and also made certain adjustments based on the taxation of those amounts.[1]

[¶15] Although the record is not as clear as it might be, a careful review convinces us that the district court acted within its discretion in calculating Father's net income as it did for child support purposes. The court correctly calculated the presumptive level of support by considering the parties' most recent income information as representative of their current earning ability, consistent with the case law cited above.

[¶16] Affirmed.

---

[1] Father's current spouse also worked in the business and claimed to own an interest in it.

4