2017 WY 144

TSR, f/k/a TSH, Appellant (Respondent),

v.

STATE of Wyoming, EX REL., DEPART-MENT OF FAMILY SERVICES, CHILD SUPPORT ENFORCEMENT DIVISION, Appellee (Petitioner).

S-17-0090

Supreme Court of Wyoming.

December 7, 2017

Representing Appellant: Rennie Polidora, Jacobs Polidora, LLC, Laramie, Wyoming.

Representing Appellee: Peter K. Michael, Attorney General; Misha Westby, Deputy Attorney General; Jill E. Kucera, Senior Assistant Attorney General; Wendy S. Ross, Senior Assistant Attorney General.

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

BURKE, Chief Justice.

[¶1] Appellant, TSR, appeals from the district court's order modifying child support with respect to her daughter, LLB. She claims the court abused its discretion in determining child support. We affirm.

### ISSUES

[¶2] Appellant presents the following issues:

1. Whether the District Court abused its discretion by using the matrix for two (2) children rather than one (1) child in W.S. § 20–2–304 when it calculated a

deviation from the presumptive child support pursuant to W.S. § 20-2-307(b).

2. Whether the District Court erred when it did not make specific findings in its Order for the reasons it granted a deviation pursuant to W.S. § 20-2-307(b).

### FACTS

[¶3] Appellant's daughter, LLB, was born in 2004. Her relationship with LLB's father, DLB, ended shortly after LLB's birth. In 2007, Mother petitioned to establish paternity, child custody, visitation, and child support relating to LLB. Following a hearing, the district court entered an order that established DLB as LLB's father, gave primary custody to Mother, awarded Father visitation, and ordered Father to pay child support in the amount of $484.30 per month, with an additional payment towards an arrearage of $100.00 per month.

[¶4] Father had another child, KSB, in 2008. He and the child's mother subsequently married, and they live together as an intact family. Father fell behind on his child support obligation to Mother due to economic difficulties and his obligation to support his second child.

[¶5] In 2011, Mother and Father entered into an agreement modifying Father's child support obligation. Pursuant to the agreement, the district court determined that Father's presumptive monthly child support was $660.98. The parties agreed, however, that the court should deviate from the presumptive child support amount because Father was financially responsible for a later-born child living with him. Accordingly, the court reduced Father's monthly child support obligation to $443.75. The district court also

ordered Father to pay an additional $100.00 per month towards his arrearage.

[¶6] Approximately five years later, at Mother's request, the Child Support Enforcement Program ("Program") filed a petition to modify Father's child support obligation.[1] On January 30, 2017, following a hearing, the district court entered an order modifying child support. The order provides:

8. The presumptive support obligation for the one (1) child in this case is $1,153.29, and [Father's] share is $680.69.

9. [Father] is responsible for the support of another minor child, K.S.B., born in 2008; the State suggested a downward deviation for that child to $509.87 per month, calculated as follows: [Father's] share of presumptive support for two (2) children, using the income figures from paragraph (7) above, is $1,019.74, or $509.87 per child.

. . .

22. The court adopts the State's figures and finds that [Mother's] net monthly income is $2,953.18 and [Father's] net monthly income is $4,253.59; the presumptive support obligation for the one (1) child in this case is $1,153.29; and [Father's] share is $680.69.

23. [Mother] argued that the court cannot deviate below presumptive support based on the fact [Father] is responsible for the support of another minor child.

24. The court has the discretion to deviate from presumptive support based on [Father's] responsibility to support his other minor child, under Wyo. Stat. § 20-2-307(b)(iv) and *Hasty v. Hasty*, 828 P.2d 94 (Wyo. 1992).

25. Presumptive support is unjust or inappropriate in this case because [Father] is responsible for the support of another minor child.

---

1. The State petitioned to modify child support pursuant to Wyo. Stat. Ann. §§ 20-6-106(f) and 20-2-311. Those statutes provide, in pertinent part, as follows:

**§ 20-6-106. Powers and duties of department regarding collection of support.**

. . .

(f) The department, in its own name, or on behalf of an obligee, obligor or a child may petition a court for modification of any court order establishing a support obligation.

**§ 20-2-311. Adjustment of child support orders.** (a) Any party, or the department of family services in the case of child support orders being enforced by the department, may petition for a review and adjustment of any child support order that was entered more than six (6) months prior to the petition or which has not been adjusted within six (6) months from the date of filing of the petition for review and adjustment.

[26.] [Mother] objected to the manner in which the State calculated a deviation for [Father's] other minor child.

[27.] The court has the discretion to calculate the downward deviation in the manner suggested by the State, and will do so in this case. Support should be modified to $510.00 per month effective November 1, 2016.

The court also ordered Father to make a monthly payment of $100.00 towards his arrearage. This appeal followed.

### DISCUSSION

[¶7] Mother contends the district court abused its discretion in granting a downward deviation from the presumptive child support. Mother acknowledges that the district court properly used the child support guideline matrix for one child to determine an initial support amount for LLB. She contends, however, that the court improperly used the child support guideline matrix for two children when it calculated the downward deviation. We disagree.

[¶8] Wyo. Stat. Ann. § 20-2-307 provides that a court may deviate from presumptive child support based on certain enumerated factors. One of those factors is "The responsibility of either parent for the support of other children, whether court ordered or otherwise[.]" Wyo. Stat. Ann. § 20-2-307(b)(iv) (LexisNexis 2015). In *Hasty v. Hasty*, 828 P.2d 94 (Wyo. 1992), we explained that, although the court must initially base the support amount only on the number of minor children on whose behalf the modification proceeding is brought, the court may subsequently take into consideration a party's support obligation to later-born minor children from subsequent marriages.

In a modification proceeding the petitioner is seeking modification only for the number of minor children born of petitioner's marriage to the respondent. Only that number of minor children should logically be factored into the initial determination that produces an initial child support amount for modification purposes. That initial support amount so determined is only rebuttably presumed to be correct.

At the next stage of the modification process, the court in the exercise of its discretion may deviate from that initial child support amount by resort to those factors expressly set forth in W.S. 20-6-302(b). A factor important to any respondent having later-born children from subsequent marriages is "[t]he responsibility of either parent for the support of others." W.S. 20-6-302(b)(iv). Thus, it is at this subsequent stage of the modification process that appellant's later-born minor children are factored into the final modification decision. Seen in this light, the modification process under the authority of the child support guidelines legislation represents no departure from the earlier established modification process under the authority of W.S. 20-2-113 and 116. Under either statutory authority, the non-custodial parent of a child from a prior marriage on whose behalf the modification petition is filed can ask the court to take into consideration that party's support obligation to later-born minor children from subsequent marriages.

*Id.*, 828 P.2d at 98 – 99.

[¶9] The district court's order in this case reveals that it initially considered only the number of children the parties had together. However, it then determined that deviation from that amount was appropriate based on Father's obligation to a later-born child from his subsequent marriage. Once this determination was made, nothing in our decision in *Hasty* prevented the court from calculating the appropriate support obligation by considering the presumptive amount for all of Father's children. We find no abuse of discretion in the court's deviation from the presumptive child support amount.

[¶10] In her next issue, Mother contends the district court failed to set forth specific findings supporting a downward deviation from the presumptive child support amount. Wyo. Stat. Ann. § 20-2-307(b) provides that a district court may deviate from the presumptive child support amount "upon a specific finding that the application of the presumptive child support would be unjust or inappropriate in that particular case," and when the district court does deviate, "the

reasons therefor shall be specifically set forth fully in the order or decree." *See also Opitz v. Opitz*, 2007 WY 207, 173 P.3d 405 (Wyo. 2007).

[¶11] In its order, the district court stated that "Presumptive support is unjust or inappropriate in this case because [Father] is responsible for the support of another minor child." The district court's decision clearly indicates that applying the presumptive child support guidelines would be unjust or inappropriate. The order clearly provides that the downward deviation from presumptive child support was based on Father's responsibility for the support of a later-born child from a subsequent marriage. As noted above, this factor is specifically enumerated in Wyo. Stat. Ann. § 20-2-307(b)(iv) as justifying deviation from the child support guidelines. The court's order sufficiently indicates the reason for its departure from the presumptive child support amount under Wyo. Stat. Ann. § 20-2-307(b).

[¶12] Affirmed.